UNITED STATES, Appellee

v

JOANNA S. DIAL, Dependent Wife of Specialist Second Class, James W. Dial, U. S. Army, Appellant

9 USCMA 541, 26 CMR 321

No. 11,425

Decided August 26, 1958

*Captain Arnold I. Melnick* argued the cause for Appellant, Accused. With him on the brief were *Colonel James Garnett* and *Captain John F. Christensen.*

*First Lieutenant William H. Keniry* argued the cause for Appellee, United States. With him on the brief were *Colonel J. L. Searles* and *Major Thomas J. Nichols.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused and her husband were charged with causing the death of their one-year-old son. They were convicted by a general court-martial in Germany of involuntary manslaughter, in violation of Article 119, Uniform Code of Military Justice, 10 USC § 919. A board of review affirmed the conviction. The Judge Advocate General of the Army filed a certificate requesting this Court to consider whether the court-martial had constitutional power to try the accused as a civilian dependent accompanying the Army in West Germany.

Article 2 (11) of the Uniform Code, 10 USC § 802, confers jurisdiction upon a court-martial to try civilian dependents of service personnel who accompany the armed forces outside of the continental limits of the United States. Last year the United States Supreme Court by divided vote held that the congressional grant of power was unconstitutional as applied to a civilian dependent charged with a capital offense in time of peace. The majority opinion written by Justice Black, and concurred in by the Chief Justice and Justices Douglas and Brennan, contains dictum to the effect that, under the Constitution, Congress cannot subject civilian dependents accompanying the armed forces abroad in peacetime to court-martial jurisdiction regardless of the nature of the offense. The other concurring Justices, Frankfurter and Harlan, specifically limited their agreement with Mr. Justice Black; they concurred on the ground that the offense charged was capital. Reid v Covert, 354 US 1, 1 L ed 2d 1148, 77 S Ct 1222 (1957).

Appellate defense counsel and the Government present substantially the same arguments that were urged before the United States Supreme Court in the Reid v Covert case. We have gone over much the same ground in other cases before us. See United States v Burney, 6 USCMA 776, 21 CMR 98; United States v Wilson, 9 USCMA 60, 25 CMR 322. All that remains is to determine whether, in noncapital cases, dependents of military personnel in foreign lands, who are associated with the military in every way except in the performance of military duties, can constitutionally be considered by Congress as part of the armed forces for the purpose of regulating their conduct on the same basis as those in uniform. In our opinion, Congress has that power.

We answer the certified question in the affirmative, and affirm the decision of the board of review.

Judges LATIMER and FERGUSON concur.